UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CARLOS HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-cv-0060-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN J. RAY ORMOND, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Carlos Hernandez is an inmate confined at the United States Penitentiary (USP)-McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Hernandez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [R. 1.] Warden J.A. Barnhart has filed his response to the petition [R. 9] and Hernandez has filed a reply [R. 12]. Thus, this matter is ripe for review.

**I**

In June 2011, Hernandez was charged in an indictment issued by a grand jury sitting in the United States District Court for the Western District of Texas with racketeering in violation of 18 U.S.C. § 1962(c) (a provision of the Racketeer Influenced and Corrupt Organizations Act (RICO)) (Count One), conspiracy to racketeer in violation of 18 U.S.C. § 1962(d) (Count Two), and conspiracy to possess with intent to distribute five kilograms or more of cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Three). In February 2012, Hernandez was convicted by a jury on all counts.

Prior to trial, the United States filed a notice pursuant to 21 U.S.C. § 851 that it would seek an enhanced penalty for his sentence for Count Three due to Hernandez's two prior felony

drug convictions. Specifically, Hernandez had two prior separate convictions for possession of a controlled substance in violation of Texas law. Accordingly, pursuant to 21 U.S.C. § 841(b)(1)(A), Hernandez was subject to a mandatory term of life imprisonment.

In June 2012, Hernandez was sentenced to a term of imprisonment of 324 months on each of Counts One and Two and a term of life imprisonment on Count Three, to be served concurrently with each other and with a sentence imposed in *United States v. Hernandez*, No. 7:09-CR-344-RAJ-1 (W.D. Texas). Hernandez's conviction was affirmed on appeal to the United States Court of Appeals for the Fifth Circuit, *United States v. Hernandez-Mandujano*, 721 F.3d 357 (5th Cir. 2013) and his motions for post-conviction relief filed pursuant to 28 U.S.C. § 2255 have been denied. However, in November 2017, Hernandez's motion for sentence reduction pursuant to 18 U.S.C. § 3582 was granted and his previously-imposed sentence of 324 months each on Counts One and Two was reduced to a sentence of 292 months on each Count. However, the life sentence imposed on Count Three remained in effect. *See United States v. Hernandez*, No. 7:11-CR-212-RAJ (W.D. Texas).

In his petition for a writ of habeas corpus filed in this Court pursuant to 28 U.S.C. § 2241, Hernandez argues that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) was improper in light of the United States Supreme Court's subsequent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the decisions of the United States Court of Appeals for the Sixth Circuit in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) and the United States Court of Appeals for the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Hernandez claims that, in light of *Mathis*, neither of his prior state drug convictions used to enhance his federal sentence meet the federal definition of a "felony drug offense," thus the use of these prior convictions as

predicate offenses violated his due process rights. [R. 1; R. 1-1.] Although his argument is not entirely clear, the gist of his claim appears to be that, in light of *Mathis*, the "categorical approach" should be applied to his prior state offenses to determine whether the elements of his prior convictions were the same or more narrow than the elements of a "felony drug offense" as defined by 21 U.S.C. § 802(44). [R. 1-1.]

However, having thoroughly reviewed the petition, the response filed by Respondent, and Hernandez's reply, the Court must deny relief. Hernandez's claims are not cognizable in a habeas corpus petition under § 2241, and also, they are without merit.

## II

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a

3

structural problem in § 2255 forecloses even one round of effective collateral review . . ."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.[1]

Hernandez's claims fail to satisfy at least the first and third requirements. Hernandez was sentenced in 2012, long after *Booker* was decided. *See Contreras v. Ormond*, No. 18-5020 at 2–3 (6th Cir. Sept. 10, 2018) (petitioner did not fall within the narrow exception recognized by *Hill* because he was sentenced post-*Booker* in 2009, under the advisory sentencing guidelines). In addition, to the extent that Hernandez claims that the use of his prior convictions to enhance his

---

[1] Respondent dedicates a large portion of his response explaining the government's argument that "*Hill* adopted an unduly expansive view of the scope of the § 2255 savings clause," suggesting that *Hill* was wrongly decided. [R. 9 at 12–24.] However, *Hill* remains the law of the Sixth Circuit and, accordingly, is binding on this Court. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009).

4

sentence violated his due process rights, this is not a claim based upon statutory interpretation but is instead a constitutional claim. It is therefore a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255, and thus falls outside the purview of § 2241.

Finally, Hernandez argues that his sentence was improperly enhanced because his predicate convictions were not analyzed using the "categorical approach" applied in *Mathis*, *Descamps*, and *Hinkle*. However, both *Mathis* and *Descamps* addressed the proper procedures to be used when determining whether a conviction qualifies as a predicate offense under the "enumerated offenses" clause of the definition of "violent felony" in the Armed Career Criminal Acts (ACCA), 18 U.S.C. § 924(e). Similarly, in *Hinkle*, the United States Court of Appeals for the Fifth Circuit applied the categorical approach of *Mathis* to determine whether a prior Texas conviction is a "controlled substance offense" within the meaning of § 4B1.1(a) of the United States Sentencing Guidelines. *Hinkle*, 832 F.3d 569, 570–71.

However, Hernandez's sentence was enhanced under the far simpler provisions of § 841(b)(1)(A) because of his two prior "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Nor is it significant whether the prior drug offense was the result of a violation of federal or state law, as suggested by Hernandez. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. *See United States v. Graham*, 622 F.3d 445, 456–57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999). Indeed, multiple decisions issued by the United States Court of Appeals for the Sixth Circuit after Hernandez's petition was filed have confirmed that *Descamps* and *Mathis* are inapplicable to sentences enhanced under § 841(b)(1)(A). *See Smith v. Ormond*, No. 18-5101 at 4 (6th Cir. July 30, 2018). *See also Hidalgo v. Smith*, No. 18-5230 at 4 (6th Cir. Sept. 20, 2018) (*Mathis* and *Descamps* are inapplicable where petitioner's sentence was increased under 21 U.S.C. § 841(b)(1)(A) because he had previously committed a "felony drug offense."); *Romo v. Ormond*, No. 17-6137 at 4 (6th Cir. Sept. 13, 2018) ("*Mathis*…is inapplicable to sentences enhanced under § 841(b)(1)(A)."); *McKenzie v. Ormond*, No. 18-5072 at 4 (6th Cir. July 11, 2018).

Hernandez does not dispute that, at the time of his conviction, his prior Texas convictions for possession of less than one gram of cocaine were considered state jail felonies, punishable for a term of imprisonment of up to two years. *See* Tex. Health & Safety Code Ann. § 481.115; Tex. Penal Code Ann. § 12.35. [*See also* R. 12, Petitioner's Reply at 2.] Thus, because his prior convictions relate to drugs and were "punishable by imprisonment for more than one year" under the law of the State of Texas, both convictions qualify as "felony drug offenses" under § 802(44) and, accordingly, qualify as predicate offenses for purposes of the sentencing enhancement provided by § 841(b)(1)(A).

For all of these reasons, Hernandez fails to fall within the limited exception recognized by *Hill*, thus he may not challenge his sentence in this § 2241 proceeding. Thus, Hernandez's petition fails to establish any basis for habeas relief.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Carlos Hernandez's Petition for a Writ of Habeas Corpus [**R. 1**] is **DENIED**;

2. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith; and

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This the 7th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge